Ok, we'll call the next case United Steel Paper and Forestry Rubber Manufacturing et al. v. Govt of the Virgin Islands et al. St. Croix Federation AFT Local v. Govt of the Virgin Islands And Mr. Kilbert May it please the court, I'm Nathan Kilbert, Assistant General Counsel for the United Steel Workers We don't say the whole long name generally I wish to reserve four minutes for rebuttal I want to start out this case by You said four minutes? Yes That request will be granted Thank you Turning to the merits of the contract clause claim first Let's look at what happened, what was going on on February 22, 2010 Before we address merits, don't we need to address our jurisdiction? And that is whether this case is moot Certainly, so if we want to talk about that, I've got some things to say I don't think that this case is moot for a number of reasons Let's consider what happens if this court rules that the case is moot First went to the Supreme Court's decision in Munsing Ware And also as a panel of this court ruled in Seafarer's Union v. Govt of the Virgin Islands The appropriate course would be to vacate the decision of the lower court With the lower court's decision being vacated, Viesa's constitutionality has not been adjudicated Why would that be proper when the district court did have jurisdiction? This is intervening mootness before the appeal came to us I think that in Munsing Ware, and I believe also in Seafarer's Union It was intervening mootness My understanding of the reasoning in those cases is You don't want to have a judgment out there that has potential race judicata effect Where you haven't had the possibility to litigate on appeal If we vacate, even if we were to vacate on the Commerce Clause Which is the only issue, as I understand it, you've actually The Contract Clause The Contract Clause that you've actually appealed Don't we have in place a ruling by the district court on PERA That the collective bargaining agreement, to the extent it has wages inconsistent with Viesa Cannot stand under PERA That's a separate alternative basis for concluding that there is not a breach of contract So that regardless of what we were to hold on the Contract Clause That there would be no additional remedy available in any event Isn't that the case? Judge Cross, I'm not sure that I am fully understanding your question Could you repeat that? Sure, the district court concluded in its 2014 opinion That the collective bargaining agreement wage obligations were voided by PERA Because Viesa was the execution of a public policy By taking such actions as necessary to carry out the mission of the public employer in times of emergency In other words, it fit into PERA's exception for striking down legislation That issue has not been appealed to us That is standing as a result of the district court's 2014 decision What then, what difference in that case would any decision that we make make? I believe I do understand your question now I think that the district judge's resolution of the PERA issue Was so closely intertwined with the resolution of the Contract Clause issue That if this court were to determine that the Contract Clause forbade PERA Forbade this impairment of the collective bargaining agreements The ruling on PERA really could not stand and be consistent If you look at what the district court said in 2014 It started out clear that the unions and the governments had contracts It further said that the government would not be liable in passing Viesa If it fell within the parameters of Virgin Island Code Title 24 Section 374B Which says that no contract or other instrument of agreement Between the public employer and an exclusive representative Shall be valid to the extent such contract or agreement Unduly interferes with the right of the public employer To establish and execute public policy by... Taking such actions as may be necessary To carry out the mission of the public employer in times of emergency And necessary in PERA There's also the necessary element of the Contract Clause analysis But you agree that it's an independent basis For striking down that portion of the collective bargaining agreements I'm not sure that I do agree with that I think that they are entirely intertwined for another reason In its first opinion The district court said that if Section 374 This is on appendix page 39 Said that if Section 374 required less of the legislature Than what is necessary to satisfy the Contract Clause It was unclear how this part of the Public Employee Relations Act Is constitutionally sound I think that's the district court judge saying That PERA is only an independent way out If the ASA otherwise comports with the Contract Clause Its initial decision though wasn't addressing that emergency exception The 2014 decision is on a different aspect of PERA I'm not sure why that would be different You may argue that necessary is the same standard in both places But the district court didn't actually say that It didn't make the PERA holding a foregone conclusion Because of its Contract Clause holding And it brings us back to the failure to appeal the territorial claims That is either a breach of Contract Claim or PERA When the only remedy that seems available at this point Would be one for damages Mr. Kilbert, let me take you beyond I think we understand what you're arguing on the mootness question I have one other thing to add I'm trying to get you out of this debate Do you want to stay in it? I appreciate that, Your Honor You're running out of time The Steelworkers have not asserted contract claims in this litigation We have this arbitration that's going on But the teachers have The teachers have Let's get to the merits point One of the arguments which you make on the VIESA claim Is you propose many alternatives that the government could have implemented In lieu of VIESA And such as laying off 600 people More or less Cutting costs in other parts of the operation of the government Raising even more additional fees And so on and so forth But at the heart of that Aren't they legislative decisions? Aren't they policy decisions that the legislature in the Virgin Islands Had the right to make? They are owed some deference It's true We can't have the court acting as a super legislature And determining what the best way to do this was We can't do that, the case law is clear But it's also clear that we have to scrutinize What choices the legislature had available to it And how they... Wait a minute, the legislature didn't have any The legislature, first of all, didn't enter into the CBA That's true This was an executive branch But they did appropriate the money for it The legislature has always appropriated money There's not an executive around that can appropriate money That's true But the bottom line is  That's true Why should we step in and say the legislature was wrong? Well, I'd like to turn On the issue of the potential alternatives I think that there is an important case That the clerk drew our attention to New Jersey Retail Merchants Association vs. Sidemon Aristotle There, we have a distinguished panel in this court Upholding an injunction against a state law That required gift card issuers To turn over the entire value of a pen and cards to the state Rather than just a percentage of that value The court's reasoning in upholding the lower court's injunction Was that the latter approach The just a percentage Would have been a lesser impairment Which nonetheless served the state's purposes Here, too, there was a lesser impairment That would have saved the state exactly the same amount of money They could have deferred the pay to a future time This is what governments did In a number of cases that were cited In the briefing for this case Massachusetts Community College Council vs. Commonwealth University of Hawaii Professional Assembly vs. Cayetano Association of Surrogates and Court Reporters vs. New York Condo vs. Breast All of those were pay deferral cases Pay was taken out of people's paychecks And deferred either to a future fiscal year Or deferred until these people left their employment Which could be 20 or 30 or 40 years hence How do you distinguish this case From the case of Baltimore teachers? The Baltimore Teachers Union case There are three big ways That we distinguish this from Baltimore teachers And Buffalo teachers First, the degree of impairment It's four times more than in Buffalo It's eight times more than in Baltimore This is a critical inquiry Into whether the impairment was a reasonable one Second, the impairments in those two cases Baltimore and Buffalo Were implemented after the governments involved Had conducted extensive layoffs and service cuts Buffalo had laid off a thousand employees They closed schools The court in Baltimore stated The city had reached the point Of initiating the breakdown of government That's not the situation That the government was faced here I think it takes me back to my One of my initial questions to you Doesn't it get into questions of degrees As to how far legislatures can go In resolving these public policy questions? Yes, and it's this court's job to look into that And I just, very briefly The size of New York is saying They want us to be a super legislature No, no I think this court should adopt the approach Taken by the Second Circuit In association of surrogates of New York The third differentiator is The fiscal crises in Baltimore and Buffalo Were not in view at the time CBAs were concluded, whereas they were Well, that's a question that I would like to ask Because Your position is because Let's give Mr. Kelberg an additional four minutes The financial problems were very much in view While these collective bargaining agreements Were being negotiated That the The ASA Could not impair The benefits Bestowed by the collective bargaining agreements Because the government of the Virgin Islands Was aware of the impending financial crisis Is that your position? That's right There are a number of cases In which courts have held That because the government was aware of The issue that prompted the impairment When it was entering into the contract It can't then rely on that same issue To say, wait a second We're tearing this contract up That's University of Hawaii vs. Cayetano Massachusetts Community College Council vs. Commonwealth Carlstrom vs. the state of Washington They present striking parallels to this case Well, here we're dealing with a series Of different collective bargaining agreements And it would seem like Some of the agreements That were negotiated in late 2009 Are in a different position Than some of the earlier collective agreements Should we distinguish between I think that we do need to distinguish Among the agreements And when they were signed The Steelwork agreements With the exception of the supervisor's unit Were entered into by the governor In October of 2010 They were negotiated over the summer of 2010 The very day I think the very day that Deborah Gottlieb gives her presentation To the legislature saying We're in terrible financial shape And also we're looking to improve the lives Of our union employees By negotiating better benefits And they pay for them That same day, I think The enforcement officers Reach an agreement with the government On a pay scale that gives them raises Well, can the response to that be This financial crisis is so bad It doesn't matter When these CBAs were negotiated We just don't have the money Well, I don't think That that is an appropriate response I think that to the extent That the money became less That the financial situation deteriorated That's a degree of A difference of degree Rather than of kind But with respect to Well, does it matter It does matter Because you have to try Your non-impairing alternatives first And it really matters for this one reason With respect to section 374H An appropriation needs to be made For a contract to become fully binding The legislature has to appropriate the money So we're only really talking about Wage claims for July, September, and August of 2011 That's the remainder of the 2011 fiscal year For which the legislature had appropriated the money If the legislature didn't appropriate money For fiscal 2011 And VA surpassed We probably don't have a damages remedy Even in a contract case Because of title 24, section 374H But if they waited until after that We would have The various unions would have been able to get The money that was appropriated to them And the contract that had been made fully binding upon Even for that October 2010 agreement At that point There was a projection of a $3.5 million surplus And there had been authorization of $250 million in borrowing That was later revised to an $82.5 million deficit While, yes, it's a change in degree Isn't that the extreme of degree that makes it Really a change in kind? I think that we ought to look at the district What the district court said about this Because the district court's 2012 opinion Recognized that the government's financial position Was obviously precarious And had been for several years And he says, notwithstanding The optimistic pre-election economic forecast He says that on page 68 of the appendix The judge went on and observed Indeed, I'm quoting It's difficult to construe the borrowing Of half a billion dollars for operating expenses As anything other than portending a Virgin Islands economy That subsists on shaky financial ground It was right before a very important election The governor came up with this projection And put them just barely in the black And then after the election They ran the numbers again And lo and behold A giant deficit that they previously projected Earlier in the year has resurfaced All right, Mr. Kelberg We'll have you back on rebuttal And we'll call on Mr. Walker Good morning, Your Honor Samuel Walker on behalf of the appellees This case is moot, Your Honor, for a number of reasons And the first thing that I'd like to do Is draw your attention to the complaints That were filed by the appellants in this case Those complaints only sought prospective relief They only sought an order In joining the implementation of the ASA At least as to individual defendants, though They also had a 1983 action I'm sorry? There was also a 1983 action As to individual defendants Correct? Yes, Your Honor And that would be a mechanism to get damages That might otherwise not be available Under a straight constitutional claim Right? Yes, Your Honor But those claims That 1983 claim was not brought up on appeal The only issue that was addressed in appeal Was the contract clause claim There were no arguments and no citation To any authority that would support The reversal of the court's dismissal Of those other claims What about Mr. Kelberg's point That the other rulings, that is, breach of contract And even para, are so inexorably intertwined With the contract clause claim That we can use that to get past Concerns about mootness Given the absence of prospective relief available Well, Your Honor I think it's critical to recognize That an impairment and a breach Are two entirely different things So the question as to whether there is an impairment Deals with the act of the legislature And the governor of Virgin Islands On July 5th, 2011 The breach didn't occur That's not a breach of the contract Passing a statute is not a breach of a contract If there was a breach It would have occurred weeks later When the government failed to pay The amount that was agreed But doesn't the whole thing As to whether there is or is not a contract clause violation Have an actual effect on the parties in the litigation That is, it creates a live case in controversy If concluding that VASA is unconstitutional Would on remand have the effect of Making The district court perhaps reconsider The contract, the breach of contract And para rulings As well as the arbitration That has been pointed to in the record No, Your Honor Because they're two entirely And completely different questions In one case before this court Is whether there was an impairment of the contract Whether there's a constitutional violation  Or a cause of action for damages For failing to perform the contract Is an entirely different question Is it your position that the arbitration Would have any basis to move forward Or that there could be an independent Breach of contract claim If VASA is upheld? Doesn't that statute As long as it's in place Essentially void their ability To pursue a breach of contract claim Or the arbitration Which is a claim of a grievance For the breach of the agreement No, Your Honor The VASA doesn't affect any of the terms Of the contract Every term of the contract Remains valid and enforceable But in a breach of contract action Would not the state's financial problems Be a defense to that suit As it was to the impairment of contract action Yes So that And to belie the very argument you make on mootness Both you and the USW and AFT Have agreed to stay the arbitration proceeding Pending the outcome of this appeal So it tells me that you think There's some consequence To the outcome of that proceeding Well, you know What my argument right now Here before you is that They are not intertwined Being intertwined and having some consequence May be different issues But the question is If there's some consequence to another proceeding That may defeat your argument That this appeal may be moot So why don't you get on to I understand your position On the mootness argument And I understand your argument that there are distinctions So why don't you move on to the question Of whether or not The legislature can take away in one hand What the governor had given in the other hand In fact, the governor had given a 2.5% raise And the legislature through v.s. has said We're going to take away 8% across the board To everybody who's making over $26,000 Isn't that what the contract clause is about? No, your honor Okay Tell me why it isn't Again, it goes back to There's a difference between a breach of contract And an impairment of a contract And v.s. The passing of v.s. at best Is an indication of an anticipatory breach Let's say you have, for instance A corporation that has Collective bargaining agreements with its employees And the board of directors of the corporation decides You know, we're going to cut salaries In violation of those collective bargaining agreements The collective bargaining agreements Are still valid and enforceable Number one Number two The fact that they have decided and said You know Ordered the president of the company or the corporation To cut salaries That is not a breach of the agreement That's just a decision that they're going to breach That's an impairment of the agreement, though It's not an impairment It's a decision to breach the contract Or an instruction or direction to breach the contract It is not an impairment I mean, the Constitution of the United States Doesn't forbid breaching a contract The United States Constitution doesn't simply say States may not breach contracts To rise to the level of an unconstitutional impairment It needs to be reasonable and necessary Right And let me make one other point To rebut of sorts the argument you just made about the corporation I'm not sure that the contract clause The contract clause will not apply to the corporation The contract clause says No state shall pass any law impairing the obligations of contracts So the fact that the corporate CEO says You know what, we signed that deal with the janitors But cut them 8% I don't know if there's a constitutional provision That would cover that Whereas they're arguing here That the contract clause Which, if it's applicable to the Virgin Islands And I think it is by the revised Organic Act  It's not an impairment, Your Honor You've got to make a distinction between an impairment and a breach I hear you This is simply a decision And the analogy was not to say that What the corporation did was unconstitutional The analogy, the point of the analogy Was that it's simply a decision by the legislature Authorizing the executive branch To, if you will, breach the contract And that, of course, was proper Because, again, as you discussed with opposing counsel Under 24 BIC Section 374 That particular provision, the wage provision of the CBA Was invalid It was invalid because It prevented the government of the Virgin Islands From taking actions that were necessary In times of an emergency Well, let me ask you a hypothetical Suppose we should find That there is an impairment of the contract Of the collective bargaining agreements The fact that the government Was aware of the impending financial Severe financial problems at the time The collective bargaining agreements were negotiated Does that affect the necessity defense To the impairment of contract charge? It is a factor to be considered, Your Honor But there are two key points that I want to make about this situation There are two levels of deference you should remember There's deference to the legislature Which is not a deference that you should make It was a deference that the lower court should make Deference to the legislature Your deference should be to the district court And the question before you, really Is not whether the legislature acted reasonably The question before you Is whether the lower court's decision Is supported by the record Okay, but in deciding that We have to get behind that decision To the foundation of the decision Which is whether the legislature acted reasonably And you do get behind it But where you go is to the record And you see whether there's evidence in the record To support the lower court's decision On your point here, though As to questions of law In reviewing what the district court did We do have plenty to review here As to questions of law As to the correctness of the district court's decision We have plenty to review On the higher, on the ultimate question Right But with respect to whether or not The legislature's actions was reasonable Which the district court found that they were After listening to the evidence The question for you is whether the trial court Abuses discretion in finding That the legislature's actions were reasonable Yeah, but the question Wouldn't whether or not the VIESA Impaired the collective bargaining agreement Be a question of law for us Yes it is Okay It is an underlying question Isn't that at least where we are right now? No That is not the only question I agree it's not the only question But you were answering the impairment question When you cited to us a standard of review Right Mr. Walker, I'm sorry Can we step back for a second? If I'm hearing you correctly You're making the argument now Which I think is for the first time In this court That there was no impairment here That was an argument that was made And was actually accepted in a Fourth Circuit case In Cherry v. Mayor and City Council of Baltimore City But below you had conceded That if there was an impairment It would be substantial On appeal you have briefed extensively But exclusively The questions of reasonableness and necessity And there's no argument that I've seen anywhere Other than hearing you make it now That this was a breach of contract But not an impairment for contract clause purposes Isn't that argument waived? No, Your Honor First, we did not concede That there was an impairment We said if there was an impairment Then it was reasonable Where in your briefs or any papers on appeal Do you argue that there was no impairment? We didn't actually argue that, Your Honor However, that's not It's not an issue of waiver Because that's not really the ultimate question It's one of the questions Sub-questions So it's not a waived argument We're not appealing We're not the appellants So it's not waived Our argument is that The HIESA is not unconstitutional And there are a number of reasons Why it's not unconstitutional And the fact that we didn't state this reason earlier Doesn't mean that we can't state that reason now And that you can't consider that reason Well, we could affirm on any ground But you're raising one that has not been briefed for us I mean, there are a number of arguments that I can make There are a number of things that I will say In the process of my oral argument That were not specifically stated in the briefs The argument that we're making The argument is that The HIESA is not unconstitutional And we're discussing why it's not now And I think that I'm free to discuss All the reasons why it's not unconstitutional Mr. Kilburn makes the point that in other cases Where we have upheld legislation There was extensive consideration of alternatives That may have at least mitigated the degree of impairment Here, you seem to be arguing that the 24 to 48 hours In which the HIESA was submitted to the legislature Should be deemed sufficient consideration of alternatives Doesn't that lower the standard beyond What existing case law supports For consideration of alternatives? Well, you know, as the lower court's opinion shows There were a number of alternatives that were considered I mean, whether it was 24 hours or 48 hours You know, is not really what you should focus on Not only considered, but adopted I'm sorry? Not only considered, but adopted Right, and besides, the legislature Please add an additional four minutes to Mr. Walker Thank you Additionally, the legislature was free to take additional measures After it passed the HIESA There's nothing to say that this is the only measure That the Virgin Islands legislature was considering Or was free to take to address these measures What do we do with the fact that OMB Director Gottlieb And Legislative Post Auditor Jose George Both gave testimony indicating that No special consideration was given to the fact That there was a contractual obligation Under the collective bargaining agreement In other words, that it was treated at best On par with other alternatives Isn't that the very articulation of a violation Of the legal standard? And the Supreme Court has said It shouldn't be considered on par with other alternatives That's what we're looking for in the record And these witnesses testified that it was considered on par No special consideration was given Why doesn't that answer the question before us? It doesn't because there were other steps That were taken before the HIESA was passed Clearly there were other remedies That were considered and implemented Before the HIESA was passed This certainly clearly was not the first And primary solution to the problem That the legislature considered and adopted Mr. Wark, I want to go back to the debate on impairment Or the question of impairment You'll agree that the CBAs provided for Increase in salaries for the employees, correct? Yes, Your Honor And you'll agree that the CBA also said That those salary increases could not be modified Without mutual agreement? Yes, sir All right, now the HIESA Which cut all employees' salaries In the executive and legislative branches by 8% Didn't they alter those reasonable expectations? Well, Your Honor, in terms of reasonable expectations The HIESA did not negate those expectations Those expectations continue to exist They could sue for breach of contract On those expectations And remedies could be afforded to them by the court But you really didn't answer my question Didn't they alter those expectations? Didn't the HIESA alter those expectations? No And let me explain to you why The contract still exists So I still expect to be paid I know the legislature has said That our salaries shall be reduced by 8% As of July 5, 2011 But come July 28, when I'm expecting my paycheck I still expect my full salary Pursuant to the agreement that I have with the government I still have that expectation And that expectation is still in force It seems to me that for that to be a reasonable expectation You would have to acknowledge that you're not going to hold If our court holds that this is not a contract clause violation You're not going to posit that argument Against the employees in a subsequent arbitration Otherwise it wouldn't be a reasonable expectation Your Honor, reasonable expectation is a legal term of art So when we say reasonable expectation We're not talking about the man on the street We're talking about, this is a decision for the court to make Is this a reasonable expectation under the contract? Does the contract allow me to have this reasonable expectation? Sure, the contract says I'm going to be paid X So pursuant to this contract I reasonably expect to be paid X Now, there are all kinds of other things going on I see the government is in trouble So, you know, you might not even have a reasonable expectation Even if DSO wasn't passed Because you know that the government is in trouble So you no longer have a reasonable expectation But not legally, not as a matter of law As a matter of law, under the contract Your expectation, based on the plain language of the contract My expectation, pursuant to this contract It is reasonable for me to expect to be paid X Because this agreement says that I must be paid X So it's not the layperson's reasonable expectation It's not the average layperson on the street It's a reasonable expectation Pursuant to the contract Pursuant to the terms of the contract Under the terms of the contract So is it your position then If I understand your answer to Judge Fischer's question That even if we were to uphold VIESA That the government concedes that the arbitration Could move forward on the merits Notwithstanding VIESA And notwithstanding the finding of necessity That informed the district court's paraholding On its conclusion as to the validity of that portion Of the collective bargaining agreement I think that what would be appropriate In the arbitration proceeding Is a motion to dismiss Because that provision The wage provision of the collective bargaining agreement Is invalid Under 24 BIC section 374 So we're not conceding that there was a breach There was no breach Because that provision is invalid Under PARA Right But as appellants have argued That decision hinges on the validity of VIESA That it's the same legal standard Whether it's the same legal standard or not It's not controlled If you say that VIESA is unconstitutional It's not controlling as to whether there's a breach of contract But the district court did say in its initial opinion That they had to be coextensive That the PARA couldn't function in a way That was inconsistent And voided the requirements of the contract clause Well, one thing I would point out Is that PARA existed at the time That the collective bargaining agreement was signed So they signed it They agreed knowing that Any provision in this agreement will be invalid If it becomes necessary for the government to take steps But the answer to that is That the government knew when it was negotiating these terms That it couldn't pay them No, it didn't know that It perhaps knew that there were You know, we're having difficulties But, you know, it didn't know that it That's an issue that hasn't been developed so far Is that an issue that we ought to send this back to the district court And say, look into this What did the government know at the time It was negotiating these collective bargaining agreements And if it did know that it was collecting It was negotiating terms that it could never meet Does that invalidate its defense That we can't afford to pay Because they knew that they would not be able to afford to pay And they continued to negotiate Well, you know, again Perhaps under, in a breach of contract Action for damages But that's part of the definition of reasonableness Under the contract clause jurisprudence Whether or not it's foreseeable Judge Roth's question is going to its foreseeability And we have here a problem of fundamental fairness In that the unions actually asked the question of the negotiator To confirm, given the problems that were being discussed at the time That there would be funds available If they were told no Then presumably they would have negotiated other terms For their members But since they were told yes, the funds are available They didn't I mean, in light of that fairness issue And questions about foreseeability Do we need to remand? I don't think so, Your Honor As you know, you know, this was a worldwide recession That became evident, I think, in late 2009, 2010, thereabout And so, you know, the particular circumstances here In terms of the financial emergency was not anticipated All right, let me ask you one final question here If we find that Viessa impaired the contract, do you lose? No Why not? Because the impairment was reasonable Okay And you are required to defer to the standard of abuse of discretion With respect to whether or not the impairment was reasonable And in exercising that review What you do is not look at really what the legislature did You look at the record and see whether there's evidence in the record To support the trial court's decision Okay Judge Fischer, could I ask one final question That goes to some of your questions, I think And that is, as you're arguing that there is no impairment Doesn't the terms of Viessa clearly tell us otherwise? I mean, this is a fairly unique case In that the statute itself says Notwithstanding the provisions of Title III, Virgin Islands Code, Chapter 25 And Title 24, Virgin Islands Code, Chapter 14, et cetera The salaries of all government employees In the executive and legislative branches Shall be reduced by 8 percent That is a specific reference to the collective bargaining power In other words, the statute itself is saying Notwithstanding the provisions of the collective bargaining agreements We're making, we're passing this legislation And reducing, changing the terms of those agreements How then can the statute not be an impairment When it seems to say so in its face? In lay terms, according to Webster's dictionary It may be considered an impairment But an impairment under the United States Constitution Is a term of art And it does not mean a breach It doesn't mean a decision to breach It doesn't mean an anticipatory breach So, you're speaking to the man on the street And you ask him whether this statute, the ESA Impairs this contract He will certainly tell you yes And to some extent he would be correct If it sort of makes sense Yes, it's an impairment But not under the U.S. Constitution Okay, Mr. Walker, thank you And Mr. Kilbert, we'll have you back on rebuttal And you will have six minutes for rebuttal Thank you, Your Honor If you need it You don't have to take six minutes I appreciate it I'd like to briefly begin by just touching quite briefly On the impairment issue The government's position taken today Contradicts what it's argued to the Public Employee Relations Board In the decision that was submitted With our supplemental letter brief On page four of that decision The board says, respondent, the government Maintains that the law, the ESA, supersedes the CBA And respondent contends that the matter went before the court And the court vows to be constitutional The government has relied on the constitutionality of the ESA To justify its withholding of these raises The steel workers, which did not bring contract claims We've got a contract clause claim But not a contract claim in the district court We still have a six-year statute of limitations We could file tomorrow and seek damages And we wouldn't be stopped by the district court's decision Because we didn't have the opportunity to litigate that question We weren't part of the territorial law trial We tried to appeal to your court After the 2011 trial was concluded But we were told to wait our turn And so here we are So with respect to whether What the standard review here is Reasonableness isn't a factual question This court has plenary review Over the question of whether the ESA Was enacted in a reasonable way And it wasn't because As Judge Roth has keyed into This crisis was perfectly evident The global financial crisis actually started in late 2008 And was in full swing by the time The president was inaugurated in early 2009 The AFT contracts were, I think, signed sometime in 2009 The steel worker contracts were signed in 2010 In October You don't need to send it back It's all right there As far as the reasonableness issue goes We've got extensive discussion As to what the government's budget forecasts were like And we have the district court finding the obvious here That the Virgin Islands financial state was precarious It was obvious it was precarious And had been precarious for many years I don't think it's necessary to send this back down But, man, I think you have everything you need right in front of you The district court states in appendix 51 That the ESA was, quote, an act of last resort, close quote Is that a factual finding to which we need to defer? We only review for clear error? I don't think so Why not? I think that the district court judge Is reaching that conclusion After having reviewed all of the evidence And I think that if you look at the evidence in front of him He's reaching a legal conclusion on that So it's also a legal I mean, the question Whether it's, if you categorize it as last resort Or whether you categorize it as Were there evident other alternatives I think that that's a legal question And I haven't seen other appellate courts Giving deference to factual findings Of district courts on an issue like that I haven't seen them I've read a lot of these cases now You know, it seems when It seems to me in looking at a number of these cases Whether it be Buffalo teachers Or Baltimore teachers And any other cases on whether or not You can impair Negotiated contracts with employees During this time of economic crisis What makes me uncomfortable Is each of those cases is different And this case is different from them And it gets me back to my original question to you Is how do we gauge the reasonableness Of a legislative action Which they take that they think is necessary To carry out the public policy Of the sovereign that they represent Certainly Clearly the court needs to engage in some kind Of second guessing of the legislature Otherwise the contract clause is a dead letter I think there are a number of cases Including cases from the Supreme Court That say you have to take a searching look As to whether it was necessary And whether it was reasonable And what's the one thing then That makes this case of yours stand out? What is it? What's the one thing? If I have to pick one One thing I'm picking the fact that this was obvious That we asked whether there would be money We were told there would be money And two months later Oh the projections are different So what's the remedy you want us to give? If we say it was obvious That the government negotiated in bad faith It knew that it wasn't going to have the money What's the remedy? Well I think that a declaratory judgment That Viesa was unconstitutional is the minimum But maybe Viesa is constitutional If Viesa is constitutional But if the collective bargaining agreements Were negotiated in bad faith But the constitutionality of Viesa With respect to the individual Collective bargaining agreements The reasonableness of its application To those Of its impairment of those contracts Is it's Each one is a separate constitutional question But did the legislators In passing Viesa Know the negotiations going on With these collective bargaining agreements? Absolutely Deborah Gottlieb's testimony To the To the The legislature Said it gives an update On where we are With our negotiations With our unions So they were I mean they might not have known exactly What the money that was being promised But it did Deborah Gottlieb did say We're looking to improve wages And continue to support people's living conditions So I see that I'm out of time I just want to very briefly note Sort of throw ourselves On the mercy of the court With respect to the waiver Of the AFT contract claims We screwed that up We submit that you still have the discretion To consider them In the interest of justice Thank you very much Okay well we thank you Mr. Kilbert And We want to thank both counsel For an excellent oral argument And for their helpfulness With the supplemental briefs That we asked for And we'll take the matter under advisement